## CRANMER V. BROTHERS.

1. An attorney agreeing, for a fixed fee, to foreclose a mechanic's lien and "to perform any and all work necessary in and for the complete foreclosure" thereof, is not required to defend, without additional compensation, a motion, not based upon his errors, to vacate the judgment or foreclosure obtained by him.

2. In an action for legal services it appeared that plaintiff had agreed for $25 to foreclose a mechanic's lien. For successfully resisting a motion to vacate the judgment of foreclosure obtained by him he demanded additional compensation. The defendant claimed that the motion was based upon plaintiff's errors, and showed that while it was pending he made an affidavit setting forth some mistakes in the proceedings. The plaintiff denied committing any errors. *Held*, that as the denial of the motion to vacate the judgment was prima facie evidence that plaintiff had committed no error, the evidence was insufficient to warrant an instruction denying additional compensation.

3.  Where, in an action for legal services rendered in defending a motion
    to vacate a judgment of foreclosure obtained for a fixed fee, the ver-
    dict was for less than the amount claimed for compensation for such
    services, an instruction denying the right to compensation therefor
    was prejudicial.

(Opinion filed November 20, 1901.)

Appeal from circuit court, Brown county, HON. A. W. CAMP-
BELL, Judge.

Action by Simeon H. Cranmer against Nicholas V. Brothers
the value of services rendered as an attorney. From a judgment for
defendant, plaintiff appeals. Reversed.

*S. H. Cranmer,* in pro. per.

*I. O. Curtis,* for respondent.

CORSON, J.   This is an action by the plaintiff, an attorney at law,
to recover from the defendant the value of legal services rendered
the defendant, and money expended in his behalf for court fees.
The defendant, in his answer, while admitting that the plaintiff per-
formed services for him as an attorney, alleges they were performed
under a special contract, in which the plaintiff agreed to foreclose
a certain mechanic's lien held by the defendant, and perform any and
all work necessary in and for the complete foreclosure of said lien
for $25. The defendant further alleges that he had paid said amount
in work and labor, and set up a counterclaim for the balance due
him on account of such work and labor. The counterclaim was de-
nied by the plaintiff in his reply. The case was tried by jury, re-
sulting in a verdict and judgment for the defendant, and the plain-
tiff appeals.

On the trial it was admitted by the plaintiff in his testimony that
a part of the legal services performed by him for the defendant were
performed under a special contract for the sum specified—that is,

he agreed to perform the services necessary to obtain the judgment upon the lien for that sum; and he claimed, in addition thereto, the sum of $10 for services for preparing the necessary papers in and attending to the sale of the property under the judgment so obtained by him. He also claimed the further sum of $10 for resisting a motion made by the defendant in the foreclosure action to vacate and set aside the judgment. The court, in charging the jury, instructed them as follows: "As to the other item of $10 for resisting the motion to open the judgment, you need not bother yourselves about that. I say to you, as a matter of law, the plaintiff would not be entitled to recover any sum for resisting this application. So that will be entirely eliminated from this case." The appellant contends that in giving this instruction to the jury the court committed error, for which he is entitled to a reversal of the judgment. We are of the opinion the plaintiff is right in this contention. The plaintiff testified on the trial that the motion was made in the foreclosure action to vacate and set aside the judgment therein, and that he spent three days in preparing for and arguing the motion; that the same was denied; and that his services were reasonably worth the sum of $10. This evidence was undisputed, but it is claimed by the defendant that under his contract it was the duty of the plaintiff to perform the services required on this motion without further compensation than that agreed to be paid for foreclosing the lien, and it was further claimed on the part of the defendant that the motion to vacate the judgment was made by reason of error committed in preparing the papers in the case. This is denied by the plaintiff in his evidence in rebuttal, in which he says: "The motion that was made to set aside the judgment and proceedings in the case of Brothers against the Providence Mutual Investment Company was not based on any errors made by me. I did not make any errors.

And the motion was denied by the court." As we have seen, the plaintiff testified that he was only to procure the judgment on the lien for the sum specified. If that was the contract, and he committed no error in his proceedings in obtaining the judgment, his duty under the contract was ended upon the entry of the judgment. Even if the contract was, as stated by the defendant, to foreclose the lien for the sum specified, and he committed no error in the proceedings, he would, in our opinion, be entitled to compensation for his services upon the motion. It is true there was some evidence tending to prove that when the motion was pending the plaintiff made an affidavit setting forth some mistakes in the proceedings, and moving the court for an order allowing him to correct the same, but for this service no extra charge seems to have been made. The court could not say, as a matter of law, that the plaintiff was not entitled to recover for services in resisting the motion. The question should have been left to the jury under proper instructions. An attorney who agrees to obtain a judgment upon a lien or to foreclose the same only assumes to exercise reasonable skill and care as an attorney in the performance of the service, and after that service is performed, and no error is committed in its performance, he is not required to defend any motion made to set aside said judgment of foreclosure proceedings without extra compensation; and the fact that the motion is denied is prima facie evidence that there was no error in the proceedings. The judgment recovered was for a less sum than $10, and hence the erroneous instruction was clearly prejudicial to the plaintiff, and for which a new trial must be granted. Other errors are assigned in the record, but, as they may not arise upon another trial, we do not deem it necessary to discuss them in this opinion.

The judgment of the court below, and the order denying a new trial, are reversed, and a new trial granted.